## COMMONWEALTH *vs.* JAMES CUSICK.

Norfolk. Nov. 27, 1875. — March 1, 1876. COLT & LORD, JJ., absent.

It is no defence to a complaint under the Gen. Sts. c. 50, § 24, requiring the conspicuous posting of a pedler's name, residence and the number of his license upon his parcels or vehicle, that he has no vehicle and that the parcels which he sells are carried on his person.

The omission of a pedler to comply with the Gen. Sts. c. 50, § 24, requiring the conspicuous posting of a pedler's name, residence and the number of his license upon his parcels or vehicle, renders him liable to the penalty imposed by § 27 of the same chapter.

COMPLAINT on the Gen. Sts. c. 50, § 24, to a trial justice, charging the defendant with exposing for sale shawls, cloths and other merchandise without posting his name, residence or number of his license in a conspicuous manner upon his parcels or vehicle.

At the trial in the Superior Court, on appeal, before *Brigham*, C. J., it appeared that the defendant was a hawker and pedler, and had a special state license as such; that he went about offering goods for sale without having his name, residence and the number of his license posted upon his parcels, and used no vehicle. The defendant asked that he might be discharged, because the foregoing facts constituted no offence to which a penalty was by law affixed. But the judge ruled that the above constituted an offence for which the statute provided a penalty.

The defendant then offered to prove that all the goods, wares and merchandise which he, as a hawker or pedler, carried about exposing for sale, were carried by him in the pockets of his coat, with the exception of two pieces of dress goods, which he carried open and uncovered upon his shoulder; and asked the judge to rule that the statute did not require the respondent's name, residence and the number of his license to be posted upon any such goods, wares or merchandise so carried. But the judge ruled that the statute required the defendant's name, residence and the number of his license to be posted upon the goods, wares and merchandise so carried. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. Davis*, for the defendant.

*W. C. Loring*, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

AMES, J. There can be no doubt that the end sought to be secured by the Gen. Sts. c. 50, § 24, was that every licensed hawker and pedler should display in some conspicuous form, to all persons with whom he should deal, his name, residence and the number of his license. The statute does not undertake to define in what precise manner this manifestation shall be made

If he uses a vehicle, the name, residence and number may be posted upon the vehicle. But if, as in the case of this defendant, he uses no vehicle, he is not thereby exempt from the duty imposed by the statute. The same reasons for public manifestation exist in one case as the other, and by the terms of the statute he is expressly required to post the required particulars either upon his parcels or upon his vehicle. The fact that some of his parcels are small in bulk is not an excuse. The Legislature has seen fit to regulate the occupation by fixed law. The defendant's neglect in this particular was a violation of law.

It may be, as is contended by the defendant, that the provision of § 24, " and if he neglects or refuses so to do, shall be subject to the same penalty as if he had no license," has reference only to the neglect or refusal to exhibit his license when demanded by one of the municipal officers named just before, and not to the omission to post his name, residence and the number of his license upon his parcels or vehicle, as required by the earlier part of the same section. But if that be so, the defendant is clearly liable to the penalty imposed by § 27 upon any person who goes about, carrying for sale or exposing to sale any goods, wares or merchandise, " except as hereinbefore provided."

*Exceptions overruled.*